No. 28,092.

TONY GRIGLIONO, *Appellee*, v. THE HOPE COAL COMPANY, *Appellant*.

(264 Pac. 1051.)

SYLLABUS BY THE COURT.

1. WORKMEN'S COMPENSATION ACT—*Employees Within Act—Workman Holding Stock in Corporation*. A workman, who is a stockholder in a corporation engaged in mining coal, who is employed as a laborer in the mine, and who receives as wages for his labor a part of the profits made by the company in its coal-mining operations, is an employee within the meaning of the workmen's compensation· act, and is entitled to compensation for injuries sustained by him while engaged in mining coal for the corporation.

2. SAME—*Necessity of Submitting to Operation*. Under the circumstances disclosed in the opinion, the judgment awarding compensation to an injured employee under the workmen's compensation act cannot be reversed because the workman refused to submit to a surgical operation offered by the defendant.

3. SAME—*Computation of Award*. Under the circumstances disclosed in the opinion, the plaintiff is not entitled under the workmen's compensation law to receive more than the minimum of $6 a week as compensation.

Appeal from Cherokee district court; JOHN W. HAMILTON, judge. Opinion filed March 10, 1928. Modified and affirmed.

*A. B. Keller, George R. Malcolm* and *C. A. Burnett,* all of Pittsburg, for the appellant.

*A. L. Majors, Leo Armstrong,* both of Columbus, and *Leon W. Lundblade,* of Concordia, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is an action prosecuted under the workmen's compensation law. The defendant appeals from the judgment of the court giving compensation to the plaintiff and from the refusal of the court to modify the award made by the arbitrator appointed by the court.

The motion to modify the award was heard in the district court on the evidence introduced before the arbitrator, who had made findings of fact and reported as follows:

"1. I find from the evidence that plaintiff sustained an injury.

"2. I find from the evidence that such injury was accidental.

"3. I find from the evidence that said injury to plaintiff arose out of and in the course of his employment with defendant.

Workmen's Compensation Acts, C. J. pp. 47 n. 34, 89 n. 18, 98 n. 47; 15 A. L. R. 1288; 25 A. L. R. 376; 44 A. L. R. 1217; 47 A. L. R. 843; 28 R. C. L. 764.

"4. I find that at the time plaintiff received said injury that plaintiff and defendant were both operating and working under and governed by the workmen's compensation law of the state of Kansas.

"5. I find that said injury is compensable.

"6. I find from the evidence that plaintiff twisted his left knee at about the knee joint, wrenching the same, causing a loose internal semilunar cartilage at said left knee.

"7. I find from the evidence that plaintiff's disability is total, and that it will entirely incapacitate him from engaging in the occupation of a miner.

"8. I find from the evidence that plaintiff was not in the employ of defendant for a year preceding the date of his injury.

"9. I further find from the evidence that there was no miner engaged in the occupation of a miner as plaintiff was engaged at the date of his injury for a year next preceding the date of the injury.

"10. I find from the evidence that a miner working in that vicinity for fifty-two weeks preceding the date of said injury to plaintiff earned the sum of $1,774.31, working as a coal miner as plaintiff worked.

"11. I find that no written notice was served on the defendant within ten days after the occurrence of said accident, but that defendant knew of same, and was not prejudiced by not being notified.

"12. I find from the evidence that demand for compensation was made by plaintiff on said defendant within the statutory time.

"13. I find from the evidence that plaintiff did not make any claim for hospital bills or medical services.

"14. I find from the evidence that plaintiff is entitled to recover compensation from defendant for four hundred and sixteen weeks (416) at the rate of fifteen ($15) dollars per week, said sum being allowed for total permanent disability.

"15. I find from the evidence that defendant has paid plaintiff on account of said disability the sum of $450.

"16. I find from the evidence that defendant offered to furnish an operation for plaintiff for such injury at the expense of the defendant by a doctor chosen by the defendant.

"17. I find from the evidence that the same is a major operation and dangerous, and that plaintiff refused to accept the same, but did agree that he would accept an operation and have same performed by doctors of his own choosing, and that defendant did not accept such proposition, and being a major operation and one dangerous to life and limb, that the refusal of plaintiff to submit to an operation, except by a doctor of his own choosing, was reasonable and he should not be required to so do.

"18. I find that the defendant should pay the costs of this action.

"19. I find from the evidence that plaintiff is entitled to recover from defendant the sum of eight hundred and twenty-five ($825) dollars in a lump sum, four hundred and fifty ($450) dollars of which has been paid, leaving a balance of three hundred and seventy-five ($375) dollars, which is now due and should be paid in a lump sum.

"Judgment and Award of Arbitrator.

"It is therefore by the arbitrator considered, awarded and adjudged that plaintiff have and recover of and from the defendant judgment for the sum of fifteen ($15) dollars per week from the 15th day of July, 1926, to and including the 5th day of August, 1927, upon which the sum of four hundred and fifty ($450) dollars has been paid, leaving a balance of three hundred and seventy-five ($375) dollars due and unpaid, and that plaintiff be awarded the sum of fifteen ($15) dollars a week, payable to the clerk of the district court at the same time his wages were paid when working for defendant, for a period of three hundred and sixty-one (361) weeks, or $5,415.

"It is further considered, awarded and adjudged that the plaintiff be awarded judgment against the defendant for the costs of this action, taxed at $194.40."

1. The defendant argues that the evidence did not show that the plaintiff was an employee of the defendant at the time he was injured, but did show that he was not an employee at that time. The arbitrator in effect found that the plaintiff at the time of his injury was an employee of the defendant. The evidence on that proposition showed substantially the following facts: The defendant was a corporation in which the plaintiff was a stockholder. He, with other stockholders of the corporation, worked for it mining coal and doing other necessary work about the coal mine operated by the defendant. It employed other workmen who were not stockholders. The plaintiff and the other stockholders who were employed by the defendant received their share of the profits made by the corporation as compensation for their labor in lieu of fixed wages.

The defendant argues that this made the corporation a coöperative coal mining company in which the owners worked for themselves and divided the profits of their enterprise. If the defendant had been a partnership or a voluntary association of individuals and not a corporation there might be some force in this argument. The defendant was an entity, separate and apart from the persons who were stockholders in it, and could deal with them the same as though they were not stockholders. The fact that the plaintiff was a stockholder did not destroy his right to become an employee of the corporation and to receive compensation from it if he sustained such an injury as is covered by the workmen's compensation law.

2. On the hearing of the motion to modify the award, the defendant offered to pay the expenses of an operation on the plaintiff's knee by a surgeon which the plaintiff should choose and which should be approved by the court. Concerning that offer, the court made the following finding:

"That the offer made by the defendant during the arbitration of this case, wherein they offered an operation to be performed by Doctor Kuhn of St. Luke's hospital, in Kansas City, Mo., is unfair and unreasonable, and the court on this day having permitted the defendant to reopen its case for the purpose of making a further offer, which offer was as hereinbefore set out. The further offer of the defendant is considered by the court to be unreasonable, for the reason that it does not give the physician and surgeon of the plaintiff's choosing, to be approved by the court, the right to treat the plaintiff other than by a surgical operation. There might be an occasion arise or a condition might arise, where a surgical operation might be improper. The court refuses the offer of the defendant company to compel the plaintiff to submit to further examination for the reason that the arbitrator has already adjudicated the condition, and this court is of the opinion that the findings of the arbitrator, based upon the evidence, were correct, and the findings and award of the arbitrator are hereby affirmed."

The judgment of the court discloses the reasons for refusing to compel the plaintiff to submit to an operation. Nothing can be added to that reasoning that will be of any benefit. There was no error in not requiring the plaintiff to submit to an operation.

3. The defendant argues that "under the testimony relative to appellee's earnings, no award should have been made in this case for more than $6 per week." This argument is based on the fact that the plaintiff for his labor had received during the year preceding his injury not to exceed $150.

Section 44-510 of the Revised Statutes, in part, reads:

"3. (a) Where total permanent disability results from the injury, no compensation shall be paid during the first week of disability, except that provided in paragraph 1 of this section, but after the expiration of said first week, payment shall be made as provided in Laws 1911, chapter 218, section 13, during such permanent total disability of a sum equal to sixty (60) per cent of the average weekly earnings of the injured workman, computed as provided in section 4 of this act [R. S. § 44-511] but in no case less than $6 per week, nor more than $15 per week."

Section 44-511 of the Revised Statutes, in part, reads:

"The average annual earnings of a workman shall, for the purpose of the provisions of this act, be computed as follows: (a) Where the workman has been continuously employed by the same employer for one year or longer, the actual amount of money paid by the employer to the employee as wages or remuneration for his services during the year immediately preceding the injury, undiminished by loss due to absence from work on account of illness or other unavoidable cause. (b) Where the workman has been employed less than one year by the employer in whose employ he received the injury, 52 times the average weekly amount which, during the twelve months immediately preceding the accident, was being earned by a person in the same grade employed at the same work by the same employer, undiminished by loss due to absence from work on account of illness or other unavoidable

cause; and if there is no person in the same grade employed at the same work by the same employer, then 52 times the average weekly earnings of a person in the same grade employed by the same or other employer in the same district at the same or similar work or employment."

The plaintiff had been employed in the mine of the defendant for less than twelve months preceding his injury; for that reason, his compensation could not be computed under the provisions of subdivision (a) of section 44-511 of the Revised Statutes. No employee of the defendant did the same work as the plaintiff for the year next preceding the date of his injury; and, for that reason, plaintiff's compensation could not be computed under the first provision of subdivision (b) of section 44-511.

The amount of compensation to the plaintiff fixed by the arbitrator was based on the testimony of a coal miner from another mine in the same district, who testified that his earnings for the year preceding the injury of the plaintiff were $1,774.31. That testimony was introduced under the last provision of subdivision (b) of section 44-511 of the Revised Statutes. That testimony could not be used as a basis for computing compensation in the present case unless it was shown that the witness had been doing the same or similar kind of work as that done by the plaintiff.

The tenth finding of fact made by the arbitrator is repeated here, and was as follows:

"I find from the evidence that a miner working in that vicinity for fifty-two weeks preceding the date of said injury to plaintiff earned the sum of $1,774.31, working as a coal miner as plaintiff worked."

That finding of fact was not supported by any evidence. The evidence showed that the miner on whose testimony compensation for the plaintiff was based was "paid for digging coal by the ton, and drew the regular wages of the union coal miner." He was strictly a coal miner. There was no evidence to show that he did any other kind of work. Concerning the work of the plaintiff at the mine of the defendant, its president testified:

"No one during that period dug coal all of the time; sometimes we worked on other things, maybe to pull up rails or bale water or anything that was necessary to be done. The coal diggers did other work during this period of time besides dig coal."

Another employee of the defendant testified that "the diggers did other work besides digging coal." The evidence showed that the plaintiff was employed to mine coal and to do all other kinds of work about the mine necessary to put and maintain it in proper

condition. It cannot be said that the coal miner upon whose testimony the compensation to plaintiff was fixed by the arbitrator had been doing the same work as the plaintiff. His testimony was therefore not a proper basis under subdivision (*b*) of section 44-511 of the Revised Statutes upon which to fix the compensation due the plaintiff.

In the absence of proof that sixty per cent of the average weekly earnings of a person in the same grade employed by the same or other employer in the said district at the same or similar work during the twelve months immediately preceding the injury to the plaintiff exceeded the sum of six dollars a week, the plaintiff is entitled to the minimum only of compensation, or six dollars a week. (*Stefan v. Elevator Co.*, 106 Kan. 369, 373.)

The cause is remanded to the district court, with direction to render judgment for the plaintiff giving him compensation at the rate of six dollars per week. In all other particulars, the judgment is affirmed.