No. 44,532

FRANCES ROARK, *Appellee,* v. ROARK MOTOR COMPANY, INC., and RELIANCE INSURANCE COMPANY, *Appellants.*

(413 P. 2d 1019)

Opinion filed May 7, 1966.

*John J. Alder,* of Kansas City, argued the cause, and *H. S. Roberts,* of Kansas City, was with him on the briefs for the appellants.

·*Wash H. Brown,* of Kansas City, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This is an appeal from a judgment affirming an award of the Workmen's Compensation Director. The sole question presented is whether the deceased was an employee of the appellant, the Roark Motor Company, Inc.

The undisputed facts from which the question of employment must be determined may be summarized.

Reginald L. Roark owned the Roark Motor Company in partnership until 1957. The company operated at Olathe, Kansas and had a selling agreement with Pontiac, Buick and General Motors Corporation. In 1957, Reginald became the sole owner of the company. In 1961, he married Frances Roark, his widow and sole heir. On July 1, 1962, the company was incorporated. There were 10,000 shares of stock of which 7,500 were issued to Reginald and 2,500 share were issued to Reginald and Frances in joint tenancy.

The incorporators were listed as Reginald, Frances and Ira Wilkes, a colored man who was in charge of the wash rack. There was an average of 18 to 21 employees in the company. Neither Frances nor Wilkes attended any board of directors meetings. Neither did they take any part in managing or operating the corporation. Reginald was designated president. The record does not indicate that any other persons were ever elected to the board of

directors. Reginald decided at the start that he would receive $1,000 a month plus a bonus up to $18,000 a year if the earnings were sufficient. There was no written agreement. Reginald drew checks on the company when he needed spending money. He accounted to no one in the firm as to finances or management. He built a house and a swimming pool and paid the bills by checks on the company which were charged to his account. At the end of the year the company issued him a check for $30,000 and he endorsed it back to the company to cover his withdrawals.

On March 11, 1964, Reginald and his adopted son were returning from Detroit, Michigan where they had been on company business in the company plane. They encountered a storm, the plane was forced down and both were killed.

The widow, Frances Roark, filed a claim with the Workmen's Compensation Director seeking death benefits as a dependent wife.

The Workmen's Compensation Examiner made an award of $15,000 to be paid in the amount of $42 per week except for the accumulated amount of $2,772 which was to be paid in a lump sum. Burial allowance in the amount of $600 was also allowed. The award was approved by the Director.

The respondent and its insurer had contested the claim on the basis that the decedent was not an employee and appealed to the district court where it continued the contention. The district court sustained the award and its judgment is now before us for review.

The appellants contend that the trial court erred in finding that the relationship of employer and employee existed and in sustaining the award.

We are forced to agree.

We cannot see that the fact that steps were taken to incorporate the business in any way changed Reginald's relationship which existed when he was the sole and individual proprietor. In fact, the testimony was to the effect that "The situation started that way back with the old partners and it continued through the proprietorship and into the corporation . . ."

We have no precedents to aid us determining the question as it pertains to our local Workmen's Compensation Act. This court has held that the fact a laborer in a mine was one of several stockholders did not prevent him being an employee under the act:

(*Grigliono v. Hope Coal Co.*, 125 Kan. 581, 264 Pac. 1051.) The case furnishes no precedent for the facts before us.

K. S. A. 55-508 (*i*) provides in part:

" 'Workman' means any person who has entered into the employment of or works under contract of service or apprenticeship with an employer. . . ."

Employment anticipates an understanding or agreement between two parties—the employee will perform such work as he is directed by his employer or representative and he will receive such compensation as has been agreed. A person cannot contract with himself.

Reginald L. Roark was in fact the sole owner of the stock in the company. He exercised complete control over all phases of the company's business. He selected incorporators who would not and could not interfere with his control. He never called them into a meeting or solicited their advice. He made an arrangement by which he siphoned all the earnings from the company at such time and in such amounts as were convenient, without answering to anyone. He came and went as he pleased and answered to no one as to what work he was to perform for the company, if any.

Limiting our decision to the facts and circumstances of this case we are constrained to hold that the deceased was not an employee of the respondent, the Roark Motor Company, Inc.

The judgment is reversed.

APPROVED BY THE COURT.

FROMME, J., not participating.