STATE OF INDIANA, CONSERVATION DEPARTMENT, *v.* NATTKEMPER.

[No. 12,864. Filed April 21, 1927.]

1. OFFICERS.—*Deputies must take oath of their principal and may perform all his duties.*—The statute (§11623 Burns 1926) requires all deputies to take the oath of office of their principals and authorizes them to perform all the official duties of such principals. p. 88.

2. OFFICERS.—*"Office" distinguished from employment.*—An office differs from an employment in that the former implies a delegation of a portion of the sovereign power to and the possession of it by the person filling the office. p. 89.

3. MASTER AND SERVANT.—*Game warden not an employee whose death entitles his dependents to compensation.*—A game warden, employed by the fish and game division of the Conservation Department, is not an "employee" within the meaning of the Workmen's Compensation Act (§9521 Burns 1926), but is an officer of the state. Hence, on the accidental death of such warden in the course of his employment, his dependents are not entitled to compensation under that act. p. 89.

From Industrial Board of Indiana.

Proceeding under the Workmen's Compensation Act by Charlotte Nattkemper for compensation for the death of her husband, William Nattkemper, opposed by the State of Indiana, Conservation Department, employer. From an award of compensation, the Conservation Department appeals. *Reversed.* By the court in banc.

*Arthur L. Gilliom,* Attorney-General and *Edward M. White,* Assistant Attorney-General, for appellant.

*H. H. Evans,* for appellee.

THOMPSON, J.—Appellee filed an application for compensation before the Industrial Board. There was an agreed statement of facts, upon which said board rendered in favor of appellee an award of $13.20 per week, beginning April 27, 1926, and extending over a period not to exceed 300 weeks.

The agreed statement of facts is as follows: "That William Nattkemper, husband of the appellee, was a game warden duly employed as such by the Fish and Game Division of the Conservation Department of the State of Indiana at the time of his death; that while working in the line of his employment on April 27, 1926, at about 8:15 a. m., a boat in which the said William Nattkemper was riding, together with a party of men, was accidentally capsized in the Wabash river, near Tecumseh, Indiana, and the said William Nattkemper and another man were drowned; that the party of men was composed entirely of game wardens; that hospital and doctor's services were not required; that notice was given to appellant on the same day as the accident; that appellee was wholly dependent upon the said William Nattkemper at the time of his death for her maintenance and support, and the said William Nattkemper left no other dependents; that the compensation, salary and wage of the said William Nattkemper at the time of his death in his said employment was $125 per month and his hotel and other necessary traveling expenses and money laid out by him in the conduct of his work as such game warden; that the appellee and her decedent lived together as husband and wife at the time of his death, at Terre Haute, Indiana, where appellee now lives; that the nature of the employment of said William Nattkemper as such game warden at the time of his death was as follows: The propagation, culture and protection of fish, game and other wild life in Indiana; to protect state property and its fish, game and water; in the conservation of our forests and natural resources; and whenever the occasion required, or he was so ordered, to attend to the duties of rescuing fish, or working at state fish hatcheries; to make inspection of the premises of persons holding game birds or

fur-bearing animals for breeding purposes, and to perform such other duties from time to time as he was ordered to do by the Fish and Game Division of the Conservation Department of the State of Indiana."

The alleged error relied upon for reversal is that the award is contrary to law.

Appellant earnestly contends that appellee's husband was not an employee of the state or of the conservation commission, but was an officer of the state and hence his dependent widow is not entitled to compensation under the Workmen's Compensation Law.

The office of Commissioner of Fisheries and Game was created by the act of 1899 (Acts 1899 p. 44). Section 2 of said act provides that: "Said commissioner may take or cause to be taken, any fish or game, in any manner and at any time, for purposes connected with fish or game culture, protection, preservation or propagation, or with scientific observation: Provided, That in all cases of scientific observation he shall require a permit from the Indiana Academy of Science, * * * and shall have power to appoint a deputy or deputies * * * for the purpose of aiding in the enforcement of such laws." It is provided by §7 of said act that the commissioner shall be paid by fees assessed on convictions, and §4 of said act, being §4755 Burns 1926, provides that: "Said commissioner and his deputies shall have the authority to arrest, without writ, rule, order or process any person in the act of committing or attempting to commit a crime or misdemeanor, in his presence, in violation of the fish and game laws of this state, and they are hereby made peace officers of this state for that purpose."

Under §2847 Burns 1926, it is the duty of the commissioner of fisheries and game and his deputies to seize and destroy any seine more than twelve feet long

and four feet wide, and certain other devices for the catching or trapping of fish, and the officer so seizing and destroying the same shall be paid out of the county treasury of the county where the same is seized and destroyed the sum of five dollars, etc.: Provided that no such sum shall be paid to such officer unless the owner or the person in whose possession such article or articles are found shall have been convicted and fined for using or having such articles in his possession.

The act of 1919, §4, Acts 1919 p. 375 provides that: "All the rights, powers and duties conferred by law upon * * * the Commissioner of Fisheries and Game * * * in-so-far as such rights, powers and duties are not inconsistent with the provisions of this act, are hereby transferred to and conferred upon the Department of Conservation."

Under §12 of the Conservation Department Act of 1919, (Acts 1919 p. 375, §4736 Burns 1926) the department consists of the following divisions: Geology, Entomology, Forestry, Lands and Waters, Fish and Game and Engineering, and §19 of said act gives power and authority to the Department of Conservation, through its fish and game division, to perform the various duties therein prescribed in addition to the duties of the Commissioner of Fisheries and Game transferred to the Department of Conservation by §24 of said act (§4749 Burns 1926). Under said act, the Conservation Department, acting through its division of fish and game, is authorized to appoint deputies, and appellee's husband was such a deputy. The deputies are required to take the oath of their principal and may perform all the official duties of such principals. See §11623 Burns 1926; *Stout* v. *State* (1884), 93 Ind. 150.

An office differs from an employment in that the former implies a delegation of a portion of the sovereign

power to and the possession of it by the person
2. filling the office.    In *Shelmadine* v. *City of Elk-*
    *hart* (1921), 75 Ind. App. 493, 129 N. E. 878,
the court said:   "A public officer may be defined as a
position to which a portion of the sovereignty of the
state attaches for the time being, and which is exer-
cised for the benefit of the public.   The most important
characteristic which may be said to distinguish an of-
fice from an employment is, that the duties of the in-
cumbent of an office must involve an exercise of some
portion of the sovereign power."   See, also, 23 Am. &
Eng. Ency. of Law 324.   Shelmadine was a city police-
man and the court held that he was an officer and not
an employee as defined by the Workmen's Compensa-
tion Law.

We hold that, under the facts as disclosed by the rec-
ord in this case, the appellee's decedent was not an
    employee covered by the Workmen's Compen-
3. sation Law, but was a state officer and not en-
    titled to recover.

Reversed.

Dausman, J., absent.