MACSHIR COMPANY *v.* MCFARLAND.

[No. 15,166.   Filed April 18, 1934.   Rehearing denied
June 29, 1934.]

*Herman L. McCray, Wright & Boleman, William. E. Hart,* and *Jacob S. White,* for appellant.

*Clyde N. Chattin, Arnold J. Padgett,* and *David H. Padgett,* for appellee.

BRIDWELL, P. J.—Appellee, upon his application therefor, was awarded compensation against appellant, a corporation, by the Industrial Board of Indiana, the award being made by four members of said board when said application was heard upon review by the full board. From the award, this appeal is prosecuted, the appellant assigning as error that the award is contrary to law.

The sufficiency of the evidence to sustain the finding of facts is questioned, and appellant contends that, from the facts proven, the Industrial Board could not properly find that appellee, at the time of his injury, was an employee of appellant within the meaning of that term as used in "The Indiana Workmen's Compensation Act of 1929" (Acts of 1929, p. 537), under the provision of which this proceeding was instituted. It is also contended that appellee, when injured, was not serving appellant as an employee of the corporation, but as an officer thereof, and that therefore no award of compensation should have been made.

The evidence discloses that appellant was a corporation engaged in selling products manufactured by others; that it was capitalized at $1,000 with 1,000 shares of capital stock; that at the time appellee was injured he owned 490 shares of the capital stock, his father owned 10 shares and one T. M. Shircliff the remaining 500 shares; the three shareholders were also the board of directors of the corporation, and appellee was its secretary and treasurer, his father assistant secretary, and Shircliff its president.

There is also evidence tending to prove the following facts: Appellant was incorporated in 1930, and in

April of that year, through its board of directors, employed said T. R. Shircliff and appellee as traveling salesmen to go on the road representing appellant in the sale of merchandise, and that the wages of each was fixed at $50 per week, with traveling expenses allowed. Appellee was injured on March 6, 1933, and was then still employed by appellant as one of its salesmen and was also serving appellant as one of its directors and as its secretary and treasurer. From the time of his employment until his injury appellee spent most of his time "on the road" acting as a salesman, but at times would spend two or more weeks in appellant's office looking after collections, correspondence, and other duties. Appellant paid him $50 per week during all the time, but no salary was fixed for appellee, or anyone else, as an officer of the corporation. In addition to appellee and Shircliff, appellant had four other persons employed as salesmen in 1933, and had procured insurance in compliance with the provisions of our Workmen's Compensation Law, the wages of appellee as a traveling salesman, together with the wages of its other employees, being used as the basis upon which the premium on the policy secured, was computed. Prior to March 6, 1933 (the date appellee was injured), appellant, by means of correspondence and telephone communication, had been negotiating with the George Cook Sons Company of Evansville, Indiana, about adding products manufactured by that company to the line of merchandise appellant was engaged in selling. Both appellee and the president of the appellant corporation had been to Evansville in connection with the matter before this day, but appellee had not thoroughly inspected the line of merchandise which appellant was considering handling in addition to the articles it was then selling to its customers. On March 5, 1933, the president of appellant corporation called a brother of

appellee, who was a lawyer with offices in Chicago, over the telephone, seeking legal advice in connection with some contract, and, upon being informed that said attorney would pass through Evansville on the following day and would have to change trains in said city, and that there would be an interval of 15 or 20 minutes between trains, when a conference between the parties could be held, it was so arranged. On the following day (March 6th) Mr. Shircliff, appellee, and another Mr. Shircliff who was a brother of the president of The Macshir Company, appellant, and who was in the employ of said company as a salesman, drove by automobile from Vincennes, Indiana, where the business and office of appellant was located, to Evansville, Indiana. This journey was made for the purpose and with the intention of consulting with the lawyer McFarland, as arranged, and to see the George Cook Sons Company while there "to go over some of the matters pertaining to taking on the line." It was also expected and intended that the parties making the trip with the president, inspect the line of merchandise manufactured by the Evansville company. After arriving at Evansville they went to the railroad station, met and talked with the attorney from Chicago as planned, and when his conference was over it was raining very hard. Because of the condition of the weather it was decided not to call up any person connected with the George Cook Sons Company and ask them to come to their office, but to postpone doing so, and to return the next day. On the way home a collision occurred between the automobile in which appellee was riding and another automobile, and by reason of such accident appellee sustained serious injuries causing the total disability for which he was awarded compensation.

The questions presented are: Was appellee, at the time he received his injuries, an employee within the

meaning of that term as used in our Workmen's Compensation Law? Did the accident, resulting in injury to appellee, arise out of his employment as a traveling salesman for appellant?

One may be an employee of a corporation, within the meaning of our compensation law, notwithstanding the fact that he is at the same time an officer and a stockholder of such corporation. The mere fact that appellee, in the instant case, was a stockholder, a director, and the secretary and treasurer of appellant at the time of his injury, is not, of itself, enough to preclude him from recovering compensation. *In re Raynes* (1917), 66 Ind. App. 321, 118 N. E. 387; *Manfield & Firman Co.* v. *Manfield* (1932), 95 Ind. App. 70, 182 N. E. 539; *Holycross & Nye, Inc.* v. *Nye* (1933), 97 Ind. App. 372, 186 N. E. 915. It is equally true that one may be an employee of a corporation when injured, and yet not be entitled to an award, even though he be serving the corporation at the time. Unless the injury is the result of an accident arising out of and in the course of his employment, compensation can not be legally awarded. Where, as in this case, the injured person is serving a corporation both as an employee and in an official capacity the right to compensation depends upon the class of service being rendered when the injury occurs.

Appellee's duty under the terms of his employment was to go on the road and sell merchandise. His duty as a director of appellant, to help determine its business policy and manage its prudential affairs. The trip to Evansville was not for the purpose of selling merchandise or interviewing prospective customers, but according to the uncontradicted testimony of Mr. Shircliff, president of appellant, and the only witness who testified concerning the matter, the trip was made for entirely different reasons. This witness was asked: "Where had you been and what were you doing on that

occasion?" He answered: "We had been to Evansville to see a concern called the George Cook's Sons Company about taking on their line of merchandise to add to ours. They manufactured a line which supplemented what we had, we had been dickering with them by correspondence and telephone, and went down there this night to go over some of the matters pertaining to taking on the line." His testimony also establishes the fact that another reason for the trip was to consult the lawyer from Chicago concerning "a legal point" in a contract.

After a careful consideration of all the evidence we think it clearly appears that appellee, when injured, was on a mission for appellant which required his attention, and the exercise of his judgment, as a director and officer of the corporation as to both matters which occasioned the trip to Evansville. We find no evidence from which it can be reasonably concluded that the trip was required or made necessary, or was in fact made, because of any duty owing to appellant by virtue of its employment of him (appellee) as one of its traveling salesmen.

The fact that appellant carried insurance, and that the wages of appellee as a traveling salesman were considered in computing the premium on the policy, does not give to appellee the right to recover compensation. It is necessary that he be engaged in the service of appellant under his contract of employment, at the time of his accidental injury, before a right to compensation can exist.

We find no evidence to sustain the finding of facts upon which the award is based, and the award is therefore contrary to law.

The award is reversed with instructions that same be vacated and set aside and an award entered for appellant.

Curtis, J., dissents.