GREESON *v.* TOWN OF MOORESVILLE.

[No. 15,446.  Filed June 18, 1935.]

John E. Sedwick, and Robert J. Wade, for appellant.

Burke G. Slaymaker, Clarence F. Merrell, Theodore L. Locke, and L. A. Shaner, for appellee.

BRIDWELL, J.—This appeal is from an award of the full Industrial Board, denying appellant, the widow of Theodore Greeson, compensation under the provisions of the Indiana Workmen's Compensation Act of 1929.

The error assigned is that the award is contrary to law, and the sole question presented is as to the sufficiency of the evidence to sustain the finding upon which the award is based.

The board finds that Theodore Greeson was injured on January 7, 1933; that he died April 20, 1933; that at the time of his death he was living with his wife, Maggie Greeson (appellant) who was wholly dependent upon him for support; that the death of said Theodore Greeson was not due to any accidental injury arising out of and in the course of his employment with the defendant (appellee).

The evidence is not conflicting and discloses that the deceased had for many years been acting as town marshal and street commissioner for the town of Mooresville, Indiana; that his last appointment as street commissioner was made by the board of trustees of said town on January 3, 1933, and that he was serving appellee as such marshal and street commissioner on the day he was injured; that there was a dance hall "at the edge of the town" and "a filling station" near the town, both of which were outside the corporate limits, where the town marshal had been called in the

past on account of conduct occurring at said places; that it was suggested by members of the board of trustees of said town at a time when said board was not in session, that the deceased, and one John Switz, who was assistant street commissioner, should be appointed as deputy sheriffs so that they might have authority to act in affording protection to property and persons outside the corporate limits but adjacent thereto. On January 7, 1933, the deceased and said Switz went to Martinsville to secure appointments as deputy sheriffs, and on that day M. V. Keller, sheriff of Morgan county, Indiana, duly appointed each of them as a "special deputy sheriff" for the county, and each qualified by taking and subscribing the oath required by law for deputy sheriffs. On the return journey to Mooresville the automobile in which they were riding, and which was being driven by said Greeson, overturned, and he received injuries which were a contributing cause to his death, occurring approximately three months later. There was also evidence that appellee had procured a workmen's compensation and employers' liability insurance policy which was in force and effect at the time of the accident, and this policy, which was admitted in evidence, shows that in computing the premium to be paid, the salary of the street commissioner was one of the items of the payroll upon which the amount of the premium to be paid was based.

Appellant contends that since the salary of the deceased as street commissioner for appellee was considered in computing the premium on the insurance policy held by appellee, that compensation should have been awarded. This position is not tenable. *Macshir Co.* v. *McFarland* (1934), 99 Ind. App. 196, 190 N. E. 69.

Appellee asserts that the uncontradicted evidence in

this case proves that the only connection the deceased had with said town was as a public officer, and that he was not an employee within the meaning of the term as used in our compensation law. That a public officer, injured by accident while in the line of his duty, is not entitled to the benefits provided for employees or their dependents under our workmen's compensation act, must be regarded as settled. See *Brinson* v. *Board of Commissioners, etc.* (1933), 97 Ind. App. 354, 186 N. E. 891; *Shelmadine* v. *City of Elkhart* (1921), 75 Ind. App. 493, 129 N. E. 878; *State* v. *Nattkemper* (1927), 86 Ind. App. 85, 156 N. E. 168.

Whether a town marshall or the street commissioner of a town is a public officer so as to exclude any such person, or his dependents, from being awarded compensation need not be decided in this case, as it appears from the undisputed evidence that the accident causing the injuries to the deceased occurred when he was returning from Martinsville, where he had gone to be appointed and to qualify as a deputy sheriff of Morgan county, Indiana. At the time of the accident he was not discharging any duty resting upon him either as town marshall or street commissioner for the appellee, nor was it necessary for him to be appointed as a deputy sheriff in order to fill either position. He was on a mission of his own, and there is no evidence in the record of any contract of employment made between him and appellee that required of him that this journey be made. The mere suggestion of one or more members of the board of trustees of the town, to the deceased, that he should be appointed as deputy sheriff, is not sufficient to constitute a contract, express or implied, that the journey to Martinsville should be made by the decased as a servant or employee of the town.

From whatever angle we view the evidence we can find no reason why the award of the Industrial Board should be disturbed.

Award affirmed.