## COUNTY OF ST. JOSEPH *v.* CLAEYS ET AL.

[No. 15,847. Filed February 10, 1937.]

*John J. McShane,* for appellant.

*George Sands,* for appellees.

WOOD, C. J.—The appellees, as surviving dependents of one Henry A. Claeys, deceased, filed their application for adjustment of compensation with the Industrial Board, alleging that the decedent died as the result of an injury arising out of and in the course of his employment by appellant, as an assistant jailer or turnkey of the St. Joseph County Jail. July 17, 1936, the full Industrial Board entered an order awarding appellees "compensation at the rate of $13.20 per week, beginning on May 28, 1936, during the period of their dependency but not exceeding three hundred weeks as to time."

Appellant appeals from this award, assigning as error for reversal, that the award of the full Industrial Board is contrary to law. Appellant's sole ground for reversal is predicated upon the contention that at the time Henry A. Claeys suffered the injury, resulting in his death, he was not an employee as defined by paragraph (b), Sec. 73, "The Indiana Workmen's Compensation Act of 1929," Acts 1929, p. 537, but that he was a public officer of St. Joseph County, Indiana.

There is undisputed evidence in the record, that on March 28, 1934, when the decedent sustained the injury, resulting in his death, he was acting in the capacity of assistant jailer or turnkey in the county jail of St. Joseph County; that he was employed in that capacity by appellant on January 1, 1934, upon the recommendation of the then county sheriff; that he did not have any authority to and did not serve any writs directed to the sheriff nor make any arrests; that he never served any papers; that his duties were in the jail and never outside. It was his duty to look after the cleanliness of the jail, to see that the prisoners were properly fed. Upon instructions from the sheriff or his deputies decedent placed prisoners in and released them from the jail, but he had no authority to do this on his own initiative. It was one of his duties to keep the firearms

used by the sheriff and deputies cleaned and ready for use, and it was while engaged in the performance of this duty, that a revolver which he was cleaning was accidentally discharged inflicting a wound which caused his instant death. The compensation for his services was paid by appellant.

There is evidence in the record from which the Industrial Board could find, that the decedent never received any written certificate or commission of his appointment or employment as an assistant jailer or turnkey from any officer or board; that he did not take or subscribe to any oath of office; that he never at any time after his employment on January 1, 1934, was required to or executed any bond for the faithful performance of his duties; that there was never at any time any certificate or commission of his appointment or employment, oath or bond, duly approved or a certified copy thereof filed in the office of the county clerk as required by Sections 49-101 to 49-105 inclusive and Section 49-107 Burns 1933, §§13054 to 13057, 13063, 13067 Baldwin's 1934.

The courts have questioned the possibility of framing a definition of a public office, which will meet the requirements of all cases, which may be presented, though many definitions have been suggested. In the case of *Thorp* v. *Langdon* (1897), 40 Mich. 673, 682, Judge Cooley stated that: "The officer is distinguished from the employee in the greater importance, dignity and independence of his position; in being required to take an official oath, and perhaps to give an official bond; in the liability to be called to account as a public offender for misfeasance or nonfeasance in office, and usually, though not necessarily, in the tenure of his position." In the case of *Shelmadine* v. *City of Elkhart* (1920), 75 Ind. App. 493, 495, 129 N. E. 878, this court said: "A public officer (office) may be defined as a position to which a

portion of the sovereignty of the state attaches for the time being, and which is exercised for the benefit of the public. The most important characteristic which may be said to distinguish an office from an employment is, that the duties of the incumbent of an office must involve an exercise of some portion of the sovereign power."

"Generally speaking, one of the requisites of an office is that it must be created by a constitutional provision, or it must be authorized by some statute, and an important distinction between the status of an officer and that of an employee rests on the fact that an office is based on some provision of law, and does not arise out of contract, whereas an employment usually arises out of a contract between the government and the employee. And although an employment may be created by law, where authority is conferred by contract, it is regarded as an employment, and not as a public office, notwithstanding provisions for the employment is made by statute, and notwithstanding the position is referred to as an office." 46 C. J. Sec. 22, p. 930.

This court will take judicial notice of the fact that St. Joseph County, at the time of the injury and death of appellee's decedent, was a county having a population in excess of 25,000 according to the last preceding United States Census. *Shelmadine* v. *City of Elkhart, supra.* Section 49-1002 Burns 1933, §7532 Baldwin's 1934, provides that in counties of that class the sheriff shall without the approval of the board of county commissioners designate one deputy and in addition thereto, he shall with the approval of the board of county commissioners, both as to full time and part time employment, appoint such other deputies and assistants as may be necessary to discharge the duties imposed upon him.

When a sheriff appoints a deputy, he may require said deputy to give a bond in such an amount as the sheriff or the law may require for the proper and faithful performance of his duties as such deputy. Sec. 49-501 Burns 1933, §13108 Baldwin's 1934. "Such deputies shall take the oath required of their principals, and may perform all the official duties of such principals, being subject to the same regulations and penalties." Sec. 49-502 Burns 1933, §13109 Baldwin's 1934. The duties of a sheriff are defined by Sec. 49-2802 Burns 1933, §5494 Baldwin's 1934. Among other things, it is his duty to take care of the jail and the prisoners therein.

While the provisions of the statute above referred to provide for the appointment and qualification of deputy sheriffs and define their duties and responsibilities, which correspond with those of the county sheriff, there is no provision of the statute which recognizes such an officer as an assistant jailer or turnkey, providing for his appointment and qualification, defining his powers and duties or vesting him in any way, with the exercise of the sovereign powers of government.

The evidence contained in the record before us is sufficient to sustain the Industrial Board in finding as a fact, that at the time Henry A. Claeys met with the accident which resulted in his death, he was not clothed with the attributes of a public officer as the tests announced in the above authorities require, to make him such.

Appellant contends that the Industrial Board ignored its rules and orders in refusing to dismiss appellee's application upon its motion. The rules of the Industrial Board are not before us for our consideration. Appellant has failed to point out how, or in what manner this action of the Industrial Board inflicted any undue hardship upon it, or in any manner

.prevented it from making a full and complete defense to appellee's application, or unjustly deprived it of any. substantial rights.

Finding no error, the award is affirmed with the statutory penalty of five per cent.