KEENE ET AL. *v.* BOARD OF COMMISSIONERS OF JASPER COUNTY.

[No. 16,233. Filed October 21, 1938.]

Ralph B. Gregg, Emmet M. La Rue and Edward J. Fillenworth, for appellants.

William E. Hart and White, Wright & Boleman, for appellee.

BRIDWELL, J.—Appellants, the parents of one Burl Keene, deceased, filed their application for adjustment of their claim for compensation with the Industrial Board of Indiana, alleging therein, among other things, that his death resulted from an accident arising out of and in the course of his employment by appellee as "Assistant Road Superintendent," and that they were wholly dependent upon him for support.

Following the hearing of an application for review of an award by one member of the board, the Full Industrial Board, by a majority of its members, made its finding and award in favor of appellee, denying compensation to appellants. This appeal followed, it being assigned as error that the award is contrary to law.

The board found as a fact that the death of Burl Keene was the result of an accidental injury; that he was 37 years of age, and at the time of his death living at the home of his parents, Albert S. Keene and Mary Keene, but made no finding as to their dependency, nor any concerning any average weekly wage of the deceased.

We quote from the finding as follows:

"And the Full Industrial Board further finds that the said Burl Keene was an assistant road supervisor of Jasper County, appointed by defendant, as

provided by law; that the said Burl. Keene, as said assistant road supervisor of Jasper County, was assigned supervision over a specific district in Jasper County.

"And the Full Industrial Board further finds, by a majority of its members, that the duties of the said Burl Keene, as assistant supervisor of highways, were prescribed by law and not by contract; that there was a continuing duty to be exercised in the interest of the public in his capacity as an assistant supervisor of highways; that at the time of his death the said Burl Keene was acting in his capacity and performing duties incident to his position as an assistant supervisor of highways of Jasper County.

"It is further found by the Industrial Board of Indiana, by a majority of its members, that the said Burl Keene was not an employee of the defendant within the meaning of the Indiana Workmen's Compensation Law."

It is shown without conflict in the evidence in regard to the fact, that on the day of the accident when the said Burl Keene sustained the injuries resulting in his death he was returning by automobile from Rensselaer to Wheatfield, Indiana, he having gone to a stone crusher at or near Rensselaer for the purpose of adjusting certain charges for stone that was charged to him, or to the district where he was acting as "assistant," some of the stone so charged having been diverted to another highway district instead of being delivered to the "Wheatfield District" wherein he served as assistant, and over which he had charge, subject to the general supervision of the County Highway Supervisor. There is sufficient evidence to sustain the finding of the board that the said deceased, at the time of his injury, was an assistant road supervisor assigned to a specific district in Jasper County.

The principal controversy presented by the record is as to whether the said Burl Keene was an employee within the meaning of our Workmen's Compensation

Law, or a public officer engaged in discharging his official duty when he was injured.

This court has heretofore, in the case of *Brinson* v. *The Board of Commissioners of Owen County* (1933), 97 Ind. App. 354, 186 N. E. 891, held that an assistant county highway superintendent appointed under the provisions of Sec. 8509 Burns 1926, Acts 1919, p. 96, was not an employee within the meaning of that term as used in the Workmen's Compensation Act, but since this decision the statutory law then in force has been repealed. (See Acts 1933, ch. 19, p. 87; Burns' Ind. Stat. Anno. 1933, Sec. 36-1113.)

The statute in force and effect when the decedent sustained the injuries causing his death (Acts 1933, ch. 27, p. 139; Secs. 36-1101 to 36-1110 Burns' Ind. Stat. Anno. 1933, §§8699-8708 Baldwin's 1934) provide, among other things, that the county surveyor, or, some other person employed by the board of commissioners of a county as "County Highway Supervisor" shall have general charge of the repair and maintenance of the county highways. Among the provisions are the following:

> "Such commissioners shall determine and designate such assistance (assistants) as may be necessary, and fix the salaries thereof." Sec. 36-1103, Burns 1933, §8701 Baldwin's 1934.
> "At least once each year a meeting of all assistants to the county highway supervisor shall be called to discuss all matters concerning the repair work of the county highways." Sec. 36-1105 Burns 1933, §8703 Baldwin's 1934.
> "Each assistant shall before entering upon the duties of his office, give bond, approved by the board of county commissioners, for the faithful performance of his duties in the penal sum of One Thousand Dollars." Sec. 36-1106 Burns 1933, §8704 Baldwin's 1934.
> "It is the duty of each assistant to make a careful inspection of the roads under his charge at least once each month, noting all breaks or defects and

he shall immediately repair the same or report to the county surveyor and ask for directions." Sec. 36-1107, Burns 1933, §8705 Baldwin's 1934.

"It is also provided that an assistant may when in his opinion the interest of any road in his district requires institute proceedings for entry upon lands to make drains or to procure gravel, stone, timber or other material necessary for the repair of the roads, and for the assessment of damages to the land owner occasioned by any such action." Sec. 36-1108 Burns 1933, §8706 Baldwin's 1934.

We have set forth some of the duties prescribed by the statute providing for the designation of assistants to the county surveyor or, if some person other than such surveyor is designated as "county highway supervisor," the duties of such assistants to such supervisor. These duties are similar to the duties imposed upon assistant county highway superintendents under the previous statutes relative to the maintenance and repair of county highways, and such assistants occupy practically the same status as did assistant county highway superintendents under such previous laws.

There is an entire lack of any evidence to show a contract of employment between appellee and the deceased Burl Kene. The evidence in the record does show that he was in charge of the "Wheatfield District" as assistant to the county highway supervisor theretofore appointed by appellee, and the general character of the work he did.

When we consider all the provisions of the Acts of 1933, *supra*, as well as the Acts of 1935, ch. 195, p. 496, we think it clearly appears that "assistants" whose designation by the board of commissioners of a county is provided for in each of said acts, are not employees within the meaning of that word as used in our compensation law, but are officers discharging duties to the public imposed upon them by statute. (See *Brinson* v. *Board of Commissioners, supra; Cheney* v. *Unroe*

[1906], 166 Ind. 550, 553, 77 N. E. 1041; *Hastings* v. *Board of Commissioners* [1933], 205 Ind. 687, 690, 188 N. E. 207.)

The award of the Industrial Board is affirmed.