MOUNT PLEASANT MINING CORPORATION *v.*
VERMEULEN ET AL.

[No. 17,450. Filed March 28, 1946. Rehearing Denied April 26, 1946. Order of May 29, 1946, Granting Transfer Vacated and Transfer Denied October 22, 1946.]

*White, Wright & Boleman,* and *George C. Forrey III,* all of Indianapolis, and *Cooper, Royse, Gambill & Crawford,* of Terre Haute, for appellant.

*Thomas J. Gallagher,* of Sullivan, for appellee.

BOWEN, J.—This is an appeal from an award of a majority of the full Industrial Board granting appellee Augusta Vermeulen, the widow of Cyril Vermeulen, compensation for the death of her husband; granting the widow, Rachel Brown, and dependent children of Haskel Brown, compensation for the death of their

husband and father; and granting appellee Charles Lawson compensation for personal injuries.

The causes were consolidated and a stipulation entered into between the parties that all of the evidence of the witnesses should be considered the evidence in all three cases.

The appellant appeals to this court on the statutory ground that the award of the full Industrial Board is contrary to law.

The sole question presented by appellant in this appeal is whether or not the appellee Charles Lawson and the decedents Haskel Brown and Cyril Vermeulen were acting as employees of the Mount Pleasant Mining Corporation at the time of the accident in question, as found by a majority of the full Industrial Board.

On August 11, 1944, the date of the accident in question, appellee Charles Lawson was president and director of the appellant Mount Pleasant Mining Corporation; decedent Haskel Brown was secretary and a director of appellant corporation; and decedent Cyril Vermeulen was a director of appellant corporation.

The appellant had been engaged in the operation of the Mount Pleasant mine in Vigo County, Indiana. Decedent Haskel Brown was employed by appellant as a motor driver and shot firer, and decedent Cyril Vermeulen and appellee Charles Lawson were employed as loaders.

The appellant needed mine run coal for its customers and had taken certain steps to procure such coal from a mine known as the Fleschner mine which was located about one mile south of the Mount Pleasant mine. The coal land of the Fleschner mine was owned by one Pete Dragon, and Dragon had agreed to accept from the Mount Pleasant Mining Corporation the sum of eight cents per ton royalty for all coal mined at the Fleschner

mine. The equipment in and about said mine, including boilers and cages, was owned by one Bertha Fleschner, and it had been agreed that the Mount Pleasant Mining Corporation was to pay Mrs. Fleschner $200 for this equipment.

On the morning of August 11, 1944, Raymond Tryon, who was treasurer and a director as well as superintendent of appellant mining corporation, ordered one Hewitt Stout, an employee, to go to the Fleschner mine and fire the boiler and prepare the mine for an inspection by getting up steam so that the fan could be operated and the cage raised and lowered.

After the hoisting had ceased for the day at the Mount Pleasant mine, which was at approximately three o'clock on the afternoon of August 11, 1944, appellee Lawson and decedents Vermeulen and Brown left the Mount Pleasant mine and went to the Fleschner mine. When they reached the mine Hewitt Stout had the equipment in readiness, and Lawson, Vermeulen, Brown, Tryon and Stout were lowered into the Fleschner mine in the cage. A few minutes thereafter the cage was brought to the surface and appellee Lawson was the only person on the cage. He was unconscious and his right leg had been scraped against the shaft as the cage was brought to the top. Some three hours later the dead bodies of decedents Vermeulen and Brown, with the dead bodies or Tryon and Stout, were recovered and brought to the surface by a mine rescue squad.

The determination of the questions raised by appellant in this appeal requires a review of the authorities and the law concerning the right of an individual to compensation under the Workmen's Compensation laws as affected by the interest of such individual in a corporation as shareholder, officer, and director, and as

affected by the nature of the services performed for such corporation.

It is clearly established in this state and many other jurisdictions with similar statutes that a person may be an employee of a corporation within the meaning of our compensation laws, notwithstanding the fact that he is at the same time an officer and a stockholder of such corporation. It is equally well settled that where the injured person is serving a corporation both as an employee and also in some official capacity, the right to compensation depends upon the nature of the work being performed when the injury occurs. *In re Raynes* (1917), 66 Ind. App. 321, 118 N. E. 387; *Macshir Co.* v. *McFarland* (1934), 99 Ind. App. 196, 190 N. E. 69; *Grigliono* v. *Hope Coal Co.* (1928), 125 Kan. 581, 264 P. 1051; *Hurst, Rec.,* v. *Hunley* (1924), 81 Ind. App. 203, 141 N. E. 650; *Stevens* v. *Industrial Com.* (1931), 346 Ill. 495, 179 N. E. 102; *Adam Black & Sons* v. *Court of Common Pleas* (1930), 8 N. J. Misc. R. 442, 150 A. 672; *Emery's Case* (1930), 271 Mass. 46, 170 N. E. 839; *Zurich G. A. & L. Ins. Co.* v. *Industrial Comm.* (1927), 193 Wis. 32, 213 N. W. 630, 81 A. L. R. 638, and cases therein cited.

Conflict and difficulty arise in the decided cases from the application of the above rules of law to the facts in the particular case.

In the instant case, were Brown, Vermeulen and Lawson acting in their official capacity as officers and directors of appellant corporation at the time of the accident in question, or were they acting merely as employees?

There is considerable conflict in the evidence on the question of the purpose of the trip to the Fleschner mine by these parties, and the capacity in which they were acting at this time.

It is elemental that when there is conflict in the evidence we must consider only such evidence and reasonable inferences therefrom, if such exist, as tend to sustain the award.

The appellant contends that the finding of the full Industrial Board, that these parties were acting as employees of appellant corporation, is not sustained by the evidence, and that the evidence is so conclusive as to force a conclusion contrary to that reached by a majority of the Industrial Board.

Let us briefly review the evidence on this point. There is evidence that appellee Lawson and decedents Brown and Vermeulen were paid at their regular pay scale for this work performed at the Fleschner mine on the date of the accident. There is evidence that they were ordered by Raymond Tryon, the superintendent of the appellant corporation, to go to the Fleschner mine at the time in question. There is also evidence that these parties made the trip to the Fleschner mine in accordance with a program agreed upon in a directors' meeting some time prior thereto, and that at this meeting the directors decided to take over the Fleschner mine, providing "we could operate it." There is also evidence that the purpose of the trip by Lawson, Vermeulen and Brown with the others to the Fleschner mine was to determine for Tryon, the mine superintendent, the amount of timber needed for the tipple, and other material needed to put the mine in operation from the standpoint of roofing, air circulation, and water. There is evidence that arrangements had been made with a timber man to come to the mine on the following morning for the order for timber needed to put the mine in operation.

Considering all of the above evidence, the only reasonable and logical conclusion that can be reached by this court is that there is conflict in the evidence as to

whether these men were acting in their capacity as directors of the Mount Pleasant Mining Corporation or as employees thereof, and regarding which conflict reasonable minds might differ. Under such circumstances, this court cannot weigh the evidence or resolve such conflict.

It can be logically said, in considering all of the evidence, that there is competent evidence in the record, in the light of reasonable inferences which might be legitimately drawn therefrom, to sustain the finding and award of the full Industrial Board that these men were acting as employees of the Mount Pleasant Mining Corporation at the time of the accident.

Certainly, the type of work performed by the men, if performed by persons who were not officers and directors of the corporation, would constitute employment within the meaning of the Workmen's Compensation Laws. There is evidence to sustain a reasonable inference that these men had entered this mine as practical miners, under orders from the mine superintendent, for the purpose of readying it for mining operations, especially where arrangements had previously been made for these operations with the owners of the land and the equipment, and where definite arrangements had been made with a supplier of timber to take an order for delivery of timber on the following morning.

Finding no reversible error herein, the award of the full Industrial Board is affirmed with statutory increase of five per cent.

NOTE.—Reported in 65 N. E. (2d) 642.