Bobby G. ROBINSON and C. A. Sims, Administrator of the Estate of William C. (W. C.) Robinson, deceased, Petitioner,

v.

BOARD OF COUNTY COMMISSIONERS OF COUNTY OF HUGHES, State of Oklahoma, and the State Industrial Commission, Respondents.

No. 36715.

Supreme Court of Oklahoma.

Nov. 8, 1955.

HALLEY, Justice.

On December 9, 1952, William C. Robinson, a member of the Board of County Commissioners of Hughes County from District No. 1, while engaged in supervising the construction of a county road in said county, sustained an accidental injury resulting in his death leaving surviving as his only dependent heir a minor son.

C. A. Sims was duly appointed administrator of his estate and on December 7, 1953, filed a claim for compensation for the benefit of decedent's minor son, Bobby G. Robinson, under the Death Benefit Provisions of the Workmen's Compensation Law, 85 O.S.1951 § 1 et seq. in which the above facts are stated.

The trial commissioner denied compensation on the theory that decedent immediately prior to his death was an elected official and not an employee of the county; that he was engaged in the performance of the duties of his office at the time he sustained the fatal injury and his dependent heir was therefore not entitled to recover death benefits under the Death Benefit Provision of the Act, and entered an order denying compensation. The order was sustained on appeal to the Commission en banc. Petitioner brings the case here to review this order and contends that it is not sustained by the evidence and is contrary to law.

The facts necessary to a decision in this case are undisputed. They are: On the morning of the day of the fatal accident decedent left his home near Holdenville, Oklahoma, and traveled to a point in Seminole County where the county was engaged in excavating gravel from a gravel pit and loading it on trucks to be conveyed to a point near Holdenville where it was to be used in the construction of a county road. Upon his arrival at the gravel pit he entered the pit apparently for the purpose of inspecting the gravel and supervising its loading and after loading he rode in the cab of one of the trucks with the driver to the place in Hughes County where it was to be used in the construction of a road. He made two such trips when he ascertained that the checker at the place the

Stevenson, Huser & Huser, Holdenville, for petitioner.

Max Darks, County Atty., Jas. W. Rodgers, Jr., Asst. County Atty., C. H. Baskin, Special Counsel, Holdenville, for respondents.

gravel was unloaded, whose duty it was to keep a record of the gravel hauled and unloaded, and used in the construction of the road, was out of blanks used by him in keeping the record. At about 12 o'clock noon of that day decedent left the gravel pit for the purpose of delivering the blanks to the checker. He traveled by automobile driving in a northerly direction and as he was driving around a curve in the road at a point about two miles north of Wewoka, Oklahoma, he collided head-on with an automobile traveling in a southerly direction around the same curve and as the result of the collision he lost his life. There is some evidence to the effect that on several occasions prior to the date on which his accident occurred, he performed some manual labor in assisting the employees in the construction of a road, and to use the language of one witness, on such occasions he worked most of a day and "made a hand."

It is the contention of petitioner that when decedent by virtue of the vote of the people of his district was elected to the office of county commissioner he became an employee of the county; that the county in constructing its road was engaged in one of the occupations defined as hazardous under the Workmen's Compensation Law, 85 O.S.1951 § 2, and the accident therefore occurred while he was performing services incident to and connected with the construction of the road; was engaged in a hazardous employment, and his dependent heir is therefore entitled to recover death benefits under the provisions of the Act. 85 O.S.1951 § 22, subd. 7. In our opinion this contention cannot be sustained. When decedent was engaged in supervising the construction of the road and performing other work in connection therewith he was not doing so as a public employee of the county but was doing so as an official. He was not an employee of the county but was an officer of the county. 85 O.S.1951 § 3 provides among other things that the term employer " * * * shall include the State, county, city or any municipality when engaged in any hazardous work within the meaning of this Act in which workmen are employed for wages;

* * *." Subdivision 8 of said section defines wages to mean " * * * the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the injury, * * *."

Decedent immediately prior to the time he sustained the fatal injury was not paid wages for services performed for the county. He entered into no contract of hiring with the county. He was at that time engaged in performing the duties required of him by virtue of his office, 69 O.S.1951 § 292 and was paid a salary for his services as fixed by statute. 19 O.S.1951 § 179.5; 69 O.S.1951 § 292. He was therefore not performing his services as an employee of the county but as an officer of that county. See in this connection Board of Trustees of Crutcho Township v. State Industrial Commission, 149 Okl. 23, 299 P. 155; State ex rel. Murphy v. Welch & Brown, 187 Okl. 470, 103 P.2d 533. The Supreme Court of Montana in Moore v. Industrial Acc. Fund, 80 Mont. 136, 259 P. 825, under a compensation statute somewhat similar to our own held that the death of the chairman of the Board of County Commissioners resulting from an automobile accident while engaged in his capacity of county road supervisor did not occur while he was engaged in a hazardous employment and injury was not compensable under Workmen's Compensation Act. In Keene v. Board of Com'rs of Jasper County, 105 Ind.App. 641, 16 N.E.2d 967, the Appellate Court of Indiana held that an assistant road supervisor appointed by the county board of commissioners under authority of the statute of that State, who sustained an accidental injury while performing the duties enjoined upon him by virtue of his office, was not an employee of the county but was an officer and therefore not entitled to compensation. See, also, Brinson v. Board of Com'rs of Owen County, 97 Ind.App. 354, 186 N.E. 891. In State of Ohio ex rel. Newman v. Skinner, 128 Ohio St. 325, 191 N.E. 127, 128, 93 A.L.R. 331, the court held:

"A public officer, as distinguished from an employee, must possess some sovereign functions of government to

be exercised by him for the benefit of the public either of an executive, legislative, or judicial character. It is well stated in the Landis Case, supra [State ex rel. Landis v. Board of Com'rs, 95 Ohio St. 157, 115 N.E. 919], that 'the chief and most decisive characteristic of a public office is determined by the quality of the duties with which the appointee is invested, and by the fact that such duties are conferred upon the appointee by law. If official duties are prescribed by statute, and their performance involves the exercise of continuing, independent political or governmental functions, then the position is a public office, and not an employment.' * * *"

In Farley v. Board of Education of City of Perry, 62 Okl. 181, 162 P. 797, we held:

"A public officer is one whose duties are fixed by law and who in the discharge of the same knows no guide but established laws. Employment arising out of a contract whereby the person employed acts under direction or control of others, and which employment depends for its duration and extent upon such a contract, is not an office."

It is well established that the first prerequisite to recover compensation under Workmen's Compensation Law is that the relation of master and servant or employer and employee must exist at the time of the injury. Sartin v. State Industrial Commission, 183 Okl. 268, 81 P.2d 306. In Reeves v. Muskogee Cotton Oil Co., 187 Okl. 539, 104 P.2d 443, it is held that one of the tests to determine whether a person is an employee of another is to ascertain whether, at the time the injury was suffered, the other was subject to such person's order and control and was liable to be discharged for disobedience of orders or misconduct.

Such relationship as above pointed out did not exist betwen decedent and the county under the evidence in this case. There was no contract of hiring entered into between him and the county. No one in authority could direct or require him to perform any service in connection with

the building of the road or discharge him for failure to do so. The relationship of employer and employee therefore did not exist between the parties at the time of the fatal accident. The Commission ruled correctly in so holding and denying compensation.

The view taken renders it unnecessary to discuss other questions raised.

Order sustained.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, and JACKSON, JJ., concur.

BLACKBIRD, J., concurs in result.