UNION TOWNSHIP OF MONTGOMERY COUNTY *v.* HAYS ET AL.

[No. 20,221. Filed May 20, 1965. Rehearing denied September 14, 1965. Transfer denied February 3, 1966.]

*Selwyn F. Husted* and *Husted & Husted,* of Crawfordsville, for appellant.

*Walter N. Haney,* of Crawfordsville, for appellee, Mabel Todd Hays.

*Warren A. McGaughey* and *McGaughey, McGaughey & Howard,* of Crawfordsville, for appellee, Union Township of Montgomery County, Indiana.

APPEAL FROM THE FULL INDUSTRIAL BOARD OF
INDIANA

FAULCONER, C. J.—Appellee, Mabel Todd Hays, filed her Form No. 10, Application of Dependents of Deceased Employee to the Industrial Board for the Adjustment of Claim for Compensation, before the Industrial Board of Indiana, alleging that her husband, William R. Hays, died June 2, 1958, as a proximate result of personal injuries received on said date by reason of an accident arising out of and in the course of his employment "as deputy assessor for Union Township, Montgomery County, Indiana." Both, Union Township and Montgomery County were named as defendants.

The single hearing member found in favor of plaintiff-appellee, Mabel Todd Hays, and awarded her compensation, which award was affirmed by the Full Industrial Board. Ap-

pellant assigns as error that the decision of the Industrial Board is contrary to law.

The primary issue in this appeal is whether or not decedent was an "employee" under the Indiana Workmen's Compensation Act, thus entitling his surviving widow to benefits thereunder. The term "employee" is defined in Acts 1955, ch. 337, § 1, p. 1061, § 40-1701(b), Burns' 1963 Cum. Supp., which reads, in pertinent part, as follows:

"(b) The term 'employee,' as used in this act, shall be construed to include every person, including a minor, in the service of another, under any contract of hire or apprenticeship, written or implied, . . . An executive officer of a municipal corporation or other governmental subdivision . . . may notwithstanding any other provision of this act, be brought within the coverage of its insurance contract by any such corporation by specifically including such executive officer in such contract of insurance and the election to bring such executive officer within the coverage shall continue for the period such contract of insurance is in effect, and during such period such executive officers thus brought within the coverage of the insurance contract shall be employees of such corporation under this act. . . ."

It is well settled in this State that a public officer is not an "employee" under the Workmen's Compensation Act. *Keene* v. *Board of Comm. of Jasper County* (1938), 105 Ind. App. 641, 645, 16 N. E. 2d 967; *Greeson* v. *Town of Mooresville* (1935), 100 Ind. App. 487, 490, 196 N. E. 336; *Brinson* v. *Board of Commissioners* (1933), 97 Ind. App. 354, 356, 186 N. E. 891; *State* v. *Nattkemper* (1927), 86 Ind. App. 85, 88, 156 N. E. 168; *Shelmadine* v. *City of Elkhart* (1921), 75 Ind. App. 493, 495, 129 N. E. 878.

A public officer is "a position to which a portion of the sovereignty of the state attaches for the time being, and which is exercised for the benefit of the public. The most important characteristic which may be said to distinguish an office from an employment is, that the duties of the incumbent of an office must involve an exercise

of some portion of the sovereign power." *Shelmadine* v. *City of Elkhart, supra,* at page 495 of 75 Ind. App.

"However, it must be noted that while a state and its subdivisions may be bound as employers under the Act, they can be bound only to the extent that persons working for them can be called employees. If a particular position is of such a character that it can be called a public office, where the holder is invested with some portion of the state's sovereignty and is responsible to the public at large, no employment in the true sense can be found. Any claim against the state or any of its subdivisions must therefore be scrutinized carefully to determine whether the workman was an employee of the state, or whether he was a public officer".

Small, Workmen's Compensation Law of Indiana, Ch. III, § 3.2, p. 41.

In *Wells* v. *State, ex rel.* (1911), 175 Ind. 380, at page 384, 94 N. E. 321, in which it was held that persons appointed deputies under a statute are public officers, our Supreme Court said:

"An office is a public charge or employment, in which the duties are continuing, and prescribed by law and not by contract, invested with some of the functions pertinent to sovereignty, or having some of the powers and duties which inhere within the legislative, judicial or executive departments of the government, . . . ."

In *County of St. Joseph* v. *Claeys* (1937), 103 Ind. App. 192, at page 195, 5 N. E. 2d 1008, quoting from 46 C. J., § 22, p. 930, it is said:

" 'Generally speaking, one of the requisites of an office is that it must be created by a constitutional provision, or it must be authorized by some statute, and an important distinction between the status of an officer and that of an employee rests on the fact that an office is based on some provision of law, and does not arise out of contract, whereas an employment usually arises out of a contract between the government and the employee. . . ."

A deputy township assessor, by virtue of his office, exercises a portion of the State's sovereign power to assess and

tax its citizens. He is required to take the oath of his principal, Acts 1921, ch. 222, § 7, p. 638, § 64-1001, Burns' 1933 Replacement. (Since repealed, but in effect on date of decedent's death. Such requirement is now found in Acts 1961, ch. 319, § 1605, p. 893, § 64-1305, Burns' 1961 Replacement.) He may be removed from office only for cause, by the State Board of Tax Commissioners, after notice and hearing, with right of appeal. Acts 1921, ch. 222, § 7, p. 638, § 64-1001, Burns' 1933 Replacement, *supra*. (Since repealed, but in effect on date of decedent's death. Such requirement is now found in Acts 1961, ch. 319, § 1507, p. 893, § 64-1237, Burns' 1961 Replacement.) A deputy township assessor is a public officer and cannot be considered an "employee" under the Indiana Workmen's Compensation Act unless his principal has complied with the provisions of § 40-1701(b), Burns' 1963 Cum. Supp., *supra*, by specifically including deputies within the coverage of its workmen's compensation insurance contract. The existence of such a contract was specifically negated by the evidence in this case.

In *Brinson* v. *Board of Commissioners, supra,* 97 Ind. App. 354, at pages 356-357, 186 N. E. 891, quoting from *Bradford* v. *Justices' Inferior Court* (1862), 33 Ga. 332, it is said:

> " 'When an individual has been appointed or elected in a manner required by law, has a designation or title given him by law, and exercises functions concerning the public assigned to him by law, he must be regarded as a "public officer." ' "

It is, however, the contention of appellee, Mabel Todd Hays, that at the time decedent suffered his fatal injuries he was employed as a "field man" and was not performing the duties of a deputy township assessor. It is true that an employee may work in a dual capacity for the same employer and be covered by the Act while engaged in one capacity and excluded from its benefits while engaged in the other. *Smart et al.* v. *Hardesty* (1958), 238 Ind. 218, 220, 149 N. E. 2d 547; *Mount Pleasant Mining Corp.* v. *Ver-*

*meulen* (1946), 117 Ind. App. 33, 37, 65 N. E. 2d 642 (Transfer denied) ; *Evansville Veneer & Lumber Co.* v. *Mullen* (1946), 116 Ind. App. 616, 619, 65 N. E. 2d 742 (Transfer denied) ; *Macshir Co.* v. *McFarland* (1934), 99 Ind. App. 196, 201, 190 N. E. 69.

Perry Burkart, the elected Union Township Assessor, testified that decedent worked for him in a dual capacity, as deputy township assessor and as a field man, and that on the date of his injuries he was working as a field man. On the day in question decedent and the witness, in the company of the county assessor and a deputy county township assessor, were leaving the Court House to measure some improvements in Crawfordsville when decedent fell on the Court House steps and sustained his fatal injuries. Pertinent here is the following testimony, on cross-examination, of Mr. Burkart:

"Q. If I understand you correctly you used Mr. Hays in two capacities?

"A. Yes.

"Q. One capacity was Deputy Assessor of Union Township, Montgomery County, Indiana?

"A. Yes, Sir.

"Q. The other was that of a field man?

"A. He was a Deputy Assessor, that was the only way he could get his money, but as a Deputy Assessor I directed him to do field work.

"Q. He actually was employed on this particular day he was injured as a field man, is that correct?

"A. Yes, Sir.

"Q. Were there days when he had to do double duties?

"A. Not that I know of.

"Q. In other words there werent [weren't] days he was paid as a field man in addition to Deputy Assessor?

"A. Deputy Assessors pay on all of it, the only thing there was a different definition on what work he was doing, he was still Deputy Assessor pay.

"Q. You have to be a Deputy Assessor to do field work?

"A. In my books there is no difference.

"Q. You never used anybody else to do it?

"A. No, I used my own Deputies."

The township assessor is authorized to enter buildings for the purpose of determining the assessed value thereof under

Acts 1961, ch. 319, § 712, p. 893, § 64-722, Burns' 1961 Replacement (formerly Acts 1919, ch. 59, § 146, p. 198, § 64-1013, Burns' 1933 Replacement). Such entry is certainly an exercise of sovereignty by the assessor which he may delegate to a subordinate only if clothed with the same statutory authority as the assessor; in other words, his deputy. Therefore, whatever other duties may be assigned a "field man," the measurement of real estate improvements should be entrusted only to a deputy by the township assessor. The necessity of entrusting such duties to a deputy only has been recognized by the State Board of Tax Commissioners in adopting its regulations concerning assessment of property. As a part of its Regulation No. 12, adopted February 26, 1952, 1953 Additions and Revisions to Rules and Regulations, page 256, in effect on the date of decedent's death, the State Board of Tax Commissioners adopted by reference Real Estate Assessment Guide No. 1, 2d Ed., June, 1951, on page 16, of which, in detailing the organization of the assessor's office and personnel, it is stated:

"All personnel shall be properly deputized and shall carry identification cards in the field."

In our opinion the decedent on the date of his injuries and death, while acting in the capacity of "field man" in the measuring of real estate improvements, was performing duties of his office as deputy township assessor and was not an "employee" as that term is defined by § 40-1701(b), Burns' 1963 Cum. Supp., *supra*.

The award of the Industrial Board is, therefore, contrary to law and is hereby reversed.

Bierly, P. J., Carson, Hunter, Mote and Smith, JJ., concur. Prime, J., dissents with opinion. Martin, J., not participating.

## DISSENTING OPINION

PRIME, J.—I must embrace a contrary view to that of the majority in this case because of the testimony of Mr. Burkart, the Assessor:

"Q. If I understand you correctly you used Mr. Hays in two capacities?

"A. Yes.

"Q. One capacity was Deputy Assessor of Union Township, Montgomery County, Indiana?

"A. Yes, Sir.

"Q. The other was that of a field man?

"A. He was a Deputy Assessor, that was the only way he could get his money, but as a Deputy Assessor I directed him to do field work.

"Q. He actually was employed on this particular day he was injured as a field man, is that correct?

"A. Yes, Sir."

Whether the deceased was a "Deputy Assessor" or a "Field Man" is the crux of this case.

The above testimony, in my mind, determines that he was a "Field Man" on the day he was fatally injured.

In my humble opinion the Workmen's Compensation Act should be liberally and broadly interpreted so as to cover "marginal" cases such as this. The Industrial Board is in the best position to make such determinations.

I would uphold the award of the Industrial Board.

NOTE.—Reported in 207 N. E. 2d 223.