The Attorney General is in receipt of your Opinion request in which you ask, in effect, the following questions: 1. Is a member who serves on the State Conservation Board a state officer? 2. If the answer to Question No. 1 is in the affirmative, can said officer be appointed to the Board of Regents for Agricultural and Mechanical Colleges pursuant to Article VI, 31A of the Constitution of the State of Oklahoma? It is a general principle of law that a person who serves on State boards and commissions are generally considered a public officer. 63 A.M. Jur. 2d, 20. In Oklahoma, a public officer, must possess some sovereign functions of government to be exercised by him for the benefit of the public either of an executive, legislative or judicial character. Farley v. Board of Education of City of Perry, 162 P. 797 (Okl. 1917); Robinson v. Board of County Commissioners, 289 P.2d 668
(1955). It is not necessary to the creation of an office that the Legislature declare in express words that an office is created. The use of any language which shows a legislative intent to create the office is sufficient. State v. Howards, 82 P.2d 324 (Okl. 1938); Spivey v. State, 104 P.2d 263 (1940). The "Oklahoma Conservation Commission" is created pursuant to 82 O.S. 1501 [82-1501] — 82 O.S. 1201 [82-1201]. The statutes governing the "Oklahoma Conservation Commission" set out specific powers and duties. Upon reading the statutes governing the "Oklahoma Conservation Commission," one will find that the "Oklahoma Conservation Commission" and the "Commissioners" of the "Oklahoma Conservation Commission" are exercising some sovereign functions, have specific duties and those duties and qualifications are set forth by State legislative enactment. Thus, the Commission members are State officers. Article VI, Section 31A of the Constitution of the State of Oklahoma states that the Board of Regents for the Oklahoma Agricultural and Mechanical College and all Agricultural and Mechanical Schools and Colleges, nine (9) members to be appointed by the Governor by and with the advice and consent of the Senate, and the ninth member shall be the President of the State Board of Agriculture. The members of the Board shall be removable only for cause as provided by law for the removal of officers not subject to impeachment and further, ". . . that no State, National or County officer shall ever be appointed as a member of said Board of Regents until two years after his tenure as such officer has ceased." Since a member of the "Oklahoma Conservation Commission" is a State officer of the State of Oklahoma, then he/she cannot be a member of the Board of Regents for Agricultural and Mechanical Schools and Colleges unless his/her tenure on the "Oklahoma Conservation Commission" has ceased two years before becoming a member of the Oklahoma Board of Regents for Agricultural and Mechanical Schools and Colleges of Oklahoma. It is, therefore, the official Opinion of the Attorney General that a member of the "Oklahoma Conservation Commission" of the State of Oklahoma, who is a public officer of the State of Oklahoma, cannot serve on the Board of Regents for Agricultural and Mechanical Schools and Colleges, until two years after his tenure as such officer of the Conservation Commission has ceased, in order to be in conformity with Article VI, Section 31(A) of the Constitution of the State of Oklahoma. (Stephen F. Shanbour)