MINERAL COUNTY, Respondent, *v.* HYDE et al., Appellants.

(No. 8,132.)

(Submitted January 31, 1941.   Decided March 14, 1941.)

[111 Pac. (2d) 284.]

*Mr. W. L. Hyde* and *Mr. Donovan Worden,* for Appellants, submitted a brief; *Mr. Worden* argued the cause orally.

*Mr. Walter L. Murphy,* County Attorney of Mineral County, for Respondent, submitted a brief, and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This action was brought by plaintiff to quiet title to a small strip of land in the town of Superior containing about 1.34 acres. The complaint is in the usual form in a suit to quiet title together with a plea that plaintiff has been in possession of the property adversely for more than ten years before the commencement of the action. The answer of the defendants disclaims any interest in a portion of the property, and otherwise is a general denial. The cause was tried to the court sitting

without a jury. The court found for the plaintiff and defendants appeal.

Several specifications of error are made, but the principal question raised is whether the findings of the court are sustained by the evidence.

The county claims the land by virtue of a dedication as a street made by I. R. Eidell and Mrs. M. A. Eidell, dated May 25, 1914, at a time when Superior was situated in Missoula county. The defendants claim the property by virtue of a deed subsequently made covering all the interest of the Eidells in the land and lots in the platted area. Whether or not the evidence sustains the decree involves an interpretation of the plat and dedication made by I. R. and Mrs. Eidell.

The rule is that a plat, when accompanied by a certificate of dedication, and accepted and filed, has the same force and effect as a deed (sec. 4985, Rev. Codes; *Kipp* v. *Davis-Daly Copper Co.*, 41 Mont. 509, 110 Pac. 237, 21 Ann. Cas. 1372, 36 L. R. A. (n. s.) 666]), and, with exceptions not applicable here, should be interpreted in favor of the grantee (sec. 6852, Rev. Codes). The plat filed by Mr. and Mrs. Eidell covers four blocks north and south and three blocks east and west, and has all the lots numbered in each block save and except one solid block is devoted to a site for the court house, another solid block for a high school, and another solid block for the district school. It contains streets running north and south, and avenues running east and west. The certificate made by Mr. and Mrs. Eidell reads as follows:

"I, I. R. Eidell, do hereby certify that [we?] have caused to be surveyed, subdivided and platted into lots, blocks, streets and alleys as shown by the plat and certificate of survey hereunto annexed, the following described tract of land, to-wit:

"Beginning at a point 1115.1 feet N0° 02½' W from center of Sec. 34, T. 17 N., R. 26 W., B. M., thence N0° 2½' W. 1200 feet, more or less, to the Missoula River, thence in an easterly direction along the Missoula River 1200 feet more or less to a point, thence S 2° 47' W. 1450 feet more or less to a point, thence S 87° 13' W. 380 feet more or less to intersection with the

Northern Pacific right of way, thence in a westerly direction along Northern Pacific right of way to point of beginning.

"To be known and designated as Eidell Addition to Superior and the lands included in all streets and alleys, parks or squares shown on said plat are hereby granted and donated to the use of the public forever."

The land in question here is a small strip along the Missoula River which, as noted from the dedication, marks the north boundary of the entire platted ground. It is marked on the map and plat as "River-side Avenue." It is wider than the other streets and avenues and, due to the meandering of the river, is wider in some places than in others.

Defendants contend, however, that Riverside Avenue should only be taken to be a strip approximately fifteen feet wide along the northern boundary of the lots designated, marked and numbered on the platted ground, and that the remaining strip of land between this fifteen-foot strip and the river should not be considered a part of Riverside Avenue. We do not so interpret the dedication. If it were not intended to be a part of Riverside Avenue and as such dedicated to the use of the public, it would undoubtedly have been subdivided into lots, or the plat would otherwise have indicated that the lots already bordering on the south of the fifteen-foot strip, conceded to be the highway, would have been shown on the plat to extend to the river. Since this was not done, and since the plat designated the entire strip as Riverside Avenue, it is our view, in the absence of a clear showing to the contrary, that Mr. and Mrs. Eidell intended that the entire strip should be dedicated as a street. This the trial court found to be the fact, and we think its conclusion is the only reasonable one to be drawn from the map and plat. If the dedication intended that Riverside Avenue, as it appears on the map and plat, should embrace this entire strip, as we have said it evidently does, then the defendants' claim must fall. This much defendants concede.

One other contention made by defendants is this: The court permitted the witness Lingle to testify that from the map and plat filed by Mr. and Mrs. Eidell he was able to, and did,

find the monuments on the ground and prepared a map of his own which was, over objection of the defendants, permitted to be introduced in evidence. The court held that this was admissible for the purpose of explaining his testimony. We fail to see wherein the admission of this evidence could have harmed the defendants, whether it was admissible or not. There was nothing in that evidence that added to the evidence described by the map and plat, and since the court reached the only conclusion possible from the map and plat, it is immaterial whether the map furnished by Mr. Lingle was properly received. Its admission did not prejudice any right of the defendants.

The judgment is accordingly affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ERICKSON, ANDERSON and MORRIS concur.