The Attorney General is in receipt of your request for an opinion wherein you ask the following questions: "Can a school superintendent serve on the County Excise Board ? "Can a man serve on the County Excise Board and at the same time serve as a court reporter and at the same time have a wife who is employed by the County Election Board?" In reference to your first question, it should be noted that there are two types of school superintendents, county superintendent of schools for each county in Oklahoma and superintendent of schools appointed and employed by the boards of education in the various school districts. You did not refer to a particular type of school superintendent; therefore, both will be addressed. Title 70 O.S. 4-101 [70-4-101](a) (1977), provides in pertinent part: "There is hereby created the office of county superintendent of schools for each county in Oklahoma, which office shall be filled at the same time and in the same manner as other county offices. The term of any person elected to such office shall be four (4) years . . ." County excise boards are created by statute and are composed of the same members as the county boards of equalization. 68 O.S. 2457 [68-2457](B) (1979). Therefore, the statutory requirements and prohibitions applying to the equalization board also apply to the excise board. 68 O.S. 2457 [68-2457](A) (1979), provides in pertinent part: ". . . no person shall be appointed to membership on said county board of equalization . . . who is or has been at any time during the two (2) years preceding his appointment an elected officer of the state, county, school district or municipal subdivision." Further, 51 O.S. 6 [51-6] (1971), relating to dual office holding, provides in part: "Except as may be otherwise provided, no person holding an office under the laws of the State and no deputy of any officer so holding any office, shall, during his term of office, hold any other office or be the deputy of any officer holding any office, under the laws of the State." It is apparent from the foregoing statutory provisions that a county superintendent of schools, an elected official, may not serve on the county excise board. As to the superintendent of schools of a school district, 70 O.S. 5-106 [70-5-106] (1971), provides: "The governing board of each school district in Oklahoma is hereby designated and shall hereafter be known as the board of education of such district. The superintendent of schools appointed and employed by such board shall be the executive officer of said board and shall perform such duties as said board directs." While the above provision states that the superintendent of schools is an "officer" of the board, both case law and prior Attorney General opinions hold that the position of district superintendent of schools is not a public office. In Ray v. Stevenson,71 Okla.Crim. 339, 111 P.2d 284 (1941), wherein the superintendent of a school district was charged with extortion of money while acting under color of office, the Court of Criminal Appeals stated: "This indictment was drawn under sec. 2076 O.S. 1931 21 [76-21] Okl.St.Ann. 1484, which provides: 'Every person who commits any extortion under color of official right, in cases for which a different punishment is not prescribed by this Code, or by some of the statutes, which it specifies as continuing in force, is guilty of a misdemeanor.' "The superintendent of schools of an independent school district is not an official as contemplated by this statute; he is merely an employee, hired under contract with the board of education, and, as such, cannot be guilty of extortion under color of official right under sec. 2076, supra. "In the case of Farley v. Board of Education of City of Perry,62 Okl. 181, 162 P. 797, the Supreme Court of Oklahoma stated: " 'A public officer is one whose duties are fixed by law and who in the discharge of the same knows no guide but established laws. Employment arising out of a contract whereby the person employed acts under the direction or control of others, and which employment depends for its duration and extent upon such a contract, is not an office." See also Robinson v. Board of County Commissioners of County of Hughes, 289 P.2d 668 (1955). Further, 70 O.S. 5-117 [70-5-117] (1972), provides in pertinent part: "The board of education of each school district shall have power. . . to contract with and fix the duties and compensation of physicians, dentists, optometrists, nurses, attorneys, superintendents, principals, teachers, bus drivers, janitors, and other necessary employees of the district . . ." Emphasis added Moreover, Attorney General's Opinion No. 77-154 (1977) reaffirmed two prior Attorney General Opinions which held that the position of superintendent of a school district is not an office within the meaning of 51 O.S. 6 [51-6] (1971). See, Attorney General's Opinion dated July 15, 1950, to the State Board of Education, and Attorney General's Opinion dated June 5, 1939, to the Honorable A.L. Crable, Superintendent of Public Instruction. Although we find no statutory provision in the Oklahoma School Code prohibiting a superintendent of a school district from serving as a member of the county excise board, the question arises as to whether there are any prohibitions against a county excise board member holding a position as a district school superintendent. Title 68 O.S. 2457 [68-2457](C) (1979), provides in pertinent part: "It shall also be unlawful for any member of the county board of equalization or the county excise board to serve as employee, official, or attorney for any county, city, or town of the county . . . ." A school superintendent employed by a board of education is not an employee of a county, city or town of a county. Thus, the prohibition in 68 O.S. 2457 [68-2457](C), supra, does not apply to a school district superintendent so as to preclude him from serving on the county excise board. From the foregoing, it cannot be said that, as a matter of law, a county excise board member is prohibited from holding a position as district school superintendent. While there appears to be no prohibition as a matter of law against a member of the county excise board being employed as a district school superintendent, it would be a question of fact as to whether such employment violates the provisions of the Oklahoma Code of Ethics for State Officials and Employees, 74 O.S. 1401 [74-1401] et seq. (1971). Title 68 O.S. 2486 [68-2486] (1971), provides in pertinent part: "In its functionings the county excise board is hereby declared an agency of the State, as a part of the system of checks and balances required by the Constitution . . . ." Title 74 O.S. 1402 [74-1402] (1971), of the Code of Ethics for State Officials and Employees, provides as follows: "It is hereby declared to be the policy of the State of Oklahoma that no officer or employee or member of the executive, judicial or legislative branch of state government shall have any interest, financial or otherwise, or engage in any business or transaction of any nature which is in substantial conflict with the proper discharge of his public duties or with the public interest. To protect the public from improper use of authority and to protect public officials and employees from unwarranted assaults on their integrity, the following code of ethics for state government is hereby adopted." Title 74 O.S. 1404 [74-1404] (1976), prohibits certain acts by state employees and provides, in pertinent part, as follows: "No state employee shall: "(f) Accept or solicit other employment which would impair his efficiency or independence of judgment in the performance of his public duties." Moreover, as pointed out in 63 Am.Jur.2d Public Officers and Employees, 281, at page 794: "A public officer owes an undivided duty to the public whom he serves, and is not permitted to place himself in a position which will subject him to conflicting duties or expose him to the temptation of acting in any manner other than in the best interests of the public . . . ." (Emphasis added) In this regard,-the county excise board reviews estimates of need and has the power to strike items from the estimates of needs if they are unlawful or "in excess of needs as determined by the excise board." 68 O.S. 2487 [68-2487] (1979). If a school district in which the superintendent is employed is located within the county in which the excise board functions, the superintendent/board member is in a position to review and approve the estimate of need as submitted by the board member's school district thereby placing the board member in a position which may subject him to conflicting duties or expose him to the temptation of acting in a manner other than in the best' interests of his public office. Thus, while it would not be a per se violation of the Code of Ethics for a board member to hold a position as district school superintendent, if a superintendent is employed by an independent school district and the school district is in the same county in which the excise board functions, such membership on the board would be in violation of 74 O.S. 1404 [74-1404] (1976). As to your second question regarding an excise board member serving as a court reporter, whose wife is employed by the county election board, unless the position of court reporter is considered an office under 51 O.S. 6 [51-6] (1971), there would be no prohibition against said board member serving as a court reporter. In Guthrie Daily Leader v. Cameron,3 Okl. 667, 41 P. 635 (1895), the Oklahoma Supreme Court held: "The creation and conferring of an office involves a delegation to the individual of some of the sovereign functions of government, to be exercised by him for the benefit of the public. . . ." Although 20 O.S. 106.2 [20-106.2] (1971), provides that a court reporter shall "take the official oath to faithfully discharge the duties of his office to the best of his knowledge and ability," said reporter does not exercise discretion in his duties nor is he delegated the power to exercise some of the sovereign functions of the government. Under 20 O.S. 106.4 [20-106.4](b) (1972), the manner in which the court reporter performs his duties are set out in great detail. Moreover, paragraph (d) provides: "To the extent that it does not substantially interfere with the court reporter's other official duties, the judge by whom a reporter is employed or to whom he is assigned may assign a reporter to secretarial or clerical duties arising out of official court operations." It is apparent from the foregoing, that a court reporter is not an officer within the meaning of 51 O.S. 6 [51-6] (1971), and therefore is not precluded from serving on the county excise board under said prohibition. Further, a court reporter is an employee of the state (20 O.S. 106.9 [20-106.9] (1979)) and as such is not precluded under 68 O.S. 2457 [68-2457](C) (1979), from serving on the county excise board. With respect to the board member's wife being employed by the county election board, 21 O.S. 481 [21-481] (1971), provides in pertinent part: "It shall be unlawful for any executive, legislative, ministerial or judicial officer to appoint or vote for the appointment of any person related to him by affinity or consanguinity within the third degree, to any clerkship, office, position, employment or duty in any department of the State, district, county, city or municipal government of which such executive, legislative, ministerial or judicial officer is a member, when the salary, wages, pay or compensation of such appointee is to be paid out of the public funds or fees of such office." Emphasis added 21 O.S. 483 [21-483] provides: "It shall be unlawful for any executive, legislative, ministerial, or judicial officer to appoint and furnish employment for any person whose services are to be rendered under his direction and control and paid for out of the public funds, and who is related by either blood or marriage within the third degree to any other executive, legislative, ministerial or judicial officer when such appointment is made in part consideration that such other officer shall appoint and furnish employment." Emphasis added A plain reading of the above nepotism statutes does not evidence a prohibition against an excise board member's wife being employed by the county election board. The nepotism laws seek to prevent situations where a person in public office can appoint a relative to a subordinate position in his department or agency and thereafter exercise control over that position. See Reddell v. State, 14 Okla.Crim. 199, 170 P. 273 (1918). It is, therefore, the official opinion of the Attorney General that: (1) Under 51 O.S. 6 [51-6] (1971), and 68 O.S. 2457 [68-2457](A) (1979), a county superintendent of schools may not serve on the county excise board. (2) A district school superintendent is not prohibited under 51 O.S. 6 [51-6] (1971), or 68 O.S. 2457 [68-2457] (1979), from serving on the county excise board. However, if a superintendent is employed by an independent school district and the school district is in the same county in which the excise board functions, such membership on the board would be in violation of 74 O.S. 1404 [74-1404] (1976). (3) A court reporter is not prohibited under 51 O.S. 6 [51-6] (1971), or 68 O.S. 2457 [68-2457] (1979), from serving on the county excise board. (4) There is no violation of the nepotism laws where an excise board member's wife is employed by the county election board. (PATRICIA R. DEMPS) (ksg)